Ali Osman **TIFOW**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–76710.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Dec. 9, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jeffrey M. Bryan, Esquire, Bethany M. Krueger, Esquire, Heather M. McElroy, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Thomas H. Dupree, Jr., Esquire, U.S. Department of Justice, Lisa Wilson Edwards, Esquire, Oil, Brett Gerry, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

———

Before: HALL, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

I.

Petitioner Ali Osman Tifow is a native of Somalia. He claims to be a member of the minority Madhiban clan, and says that members of the dominant Hawiye clan and its armed militia, the United Somali Congress ("USC"), attacked him and his family on two occasions, first murdering his father and later his brother and sister. Tifow entered the United States without inspection and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After initially indicating that Tifow was credible in a tentative oral decision, an immigration judge ("IJ") changed her mind and denied relief in a written order, ordering Tifow removed to Somalia. The Board of Immigration Appeals ("BIA") affirmed, and Tifow timely petitioned for review. We deny the petition.

II.

Before we discuss the merits of Tifow's petition, we must briefly address the IJ's unusual decision to abandon her oral decision. The change of course was troubling for a few reasons. First, the oral decision ends in mid-sentence, with no indication of why it stopped. The written decision does nothing to illuminate the IJ's thought process, as it does not refer to the oral decision in any way or explain why the result was different. This left us concerned that

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the inconsistent decisions resulted from some administrative error, so we ordered a limited remand to give the IJ an opportunity to explain what happened.

The IJ has since responded to our satisfaction. She explains that when she was dictating her oral decision, she began to question her initial conclusion that Tifow was credible. She therefore abruptly stopped dictating and took the matter under submission to thoroughly review the testimony and the record as a whole. We are satisfied that the written ruling is the IJ's reasoned and final decision.

### III.

We now turn to the merits of Tifow's claims for relief. To qualify for asylum, Tifow was required to prove he was unable or unwilling to return to Somalia "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). To establish eligibility for withholding of removal, Tifow was required to prove that if removed, it is more likely than not that he would be persecuted on account of a statutorily-protected ground. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001); 8 U.S.C. § 1231(b)(3). The CAT claim required proof that he would likely be tortured if removed. *Villegas v. Mukasey*, 523 F.3d 984, 988 (9th Cir.2008); 8 C.F.R. § 208.16(c)(2).

In this case, each of Tifow's claims for relief depend on his having testified credibly. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004); *Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003) (holding that an alien was not entitled to CAT protection

when his torture claim was based on statements found not credible).[1]

### IV.

This case turns on the standard of review. Our system places the factual determination of credibility in the hands of the IJ and the BIA. *See Li*, 378 F.3d at 962 ("Whether these are 'significant and relevant discrepancies' that undermine Li's credibility and support the IJ's decision to disbelieve him is a question about which reasonable minds may differ. But our inquiry is simply whether a reasonable IJ could so conclude." (citation omitted)). We review those determinations for substantial evidence, and will not overturn them unless the evidence compels reversal. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001).

In this case, the record supports the IJ's determination that Tifow was not credible because of the inconsistencies regarding (1) the dates of the two incidents at issue and (2) his presence at the second incident. These reasons were specific and cogent, and bear a legitimate nexus to the IJ's credibility finding. *Chebchoub*, 257 F.3d at 1043. Both also go to the "heart" of Tifow's asylum claim, which was based entirely on those two incidents. *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002). While each inconsistency might plausibly be explained away, the record does not compel the conclusion that the IJ was mistaken under the deferential standard of review we must apply. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Furthermore, the inconsisten-

---

1. Tifow argues in passing that the State Department report alone supports his CAT claim. Although country conditions alone can establish a likelihood of torture even in the absence of credible testimony, *see Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir.2001), they do not do so here.

cies do not stand alone. Taken together, they form a "legitimate articulable basis to question [Tifow's] credibility." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation marks omitted). Because the identified grounds are "supported by substantial evidence and go[ ] to the heart of [Tifow's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Therefore, we hold that Tifow has failed to establish entitlement to asylum, withholding, or CAT relief. The petition for review is therefore DENIED.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.